# Schenk *v.* Fetzer, Appellant.

*Partnership—Holding out person as partner—Evidence.*

1. Where two brothers named Fetzer are sued as partners trading under the name of Fetzer Bros. & Co., both may be held liable, where it appears that one of them at the time of the contract was employed by the other, but with power to sign contracts, that the firm name was assumed because a partnership was contemplated, that the name was so stated to a mercantile agency, and that the brother who afterwards became a partner knew at the time of the contract, that his name was being held out to the world as a partner.

*Contract—Sale—Return of goods.*

2. In an action to recover the price of a concrete mixer it appeared that under the contract of sale defendant was to have the use of the mixer for two weeks at the cost of $2.00 per day, and if during this time he did not find the mixer adapted to his requirements he was to haul it to a railroad station designated by the plaintiff at defendant's expense. Defendant claimed that the mixer did not meet his requirements. Plaintiff alleged that defendant had not properly operated it,

Defendant did not give notice of rejection within the time specified, but he alleged that the time was extended so that he could make a further trial. Plaintiff in turn alleged that all the machine needed was operation by some one reasonably skilled in such work. *Held*, that the case was for the jury on the conflicting evidence, and that a verdict and judgment for plaintiff should be sustained.

Argued April 17, 1913. Appeal, No. 75, April T., 1913, by defendant from judgment of C. P. No. 4, Allegheny Co., Fourth Term, 1909, No. 224, on verdict for plaintiff in case of Eduard Schenk v. William H. Fetzer and Frank Fetzer, Co-partners trading and doing business as Fetzer Bros. & Co. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for a concrete mixer sold and delivered. Before DAVIS, J.

The mixer was sold under the following agreement in writing:

"Contractors' Equipments, Mill and Mine Supplies
            "House Building
                "PITTSBURG, PA., June 30, 1909.
" Messrs. Fetzer Bros. Co.,
    " Pittsburg, Pa.
" Gentlemen:
    "Pursuant to and in confirmation of our verbal understanding, we will furnish you a # 2 Hartwick Concrete Mixer, mounted on wheels with gasoline engine complete for $360.22 f. o. b. cars Pittsburg, Pa. It is further understood that your Company will unload the mixer from the P. & L. E. R. R. station and take it to your work at your expense and that we will pay the freight. You are to have the use of the mixer for a period of two weeks, at a cost of $2.00 per day, and if during this time you find the mixer is not adapted to your requirements, you are to haul the mixer to some

railroad station designated by us at the time at your expense. We agree to replace any defective parts at our expense during this time.

"Very truly yours,

"EDUARD SCHENK."

Subsequently the defendants wrote to the plaintiff as follows:

"July 29th, 1909.

" Mr. Eduard Schenk,

" House Bldg., City.

" Dear Sir:—

" We beg to advise you that the Hartwick Concrete Mixer we used for several days on trial, the same having proved unsatisfactory to us has now been thoroughly cleaned and we will haul same to the railroad station you may designate.

" The mixer is now at present stored in our yard without storage cost to you. On and after August 4th, we will make a storage charge of $2.00 per day.

" Awaiting your advice, we are,

"FETZER BROS. COMPANY."

The court charged in part as follows:

When parties enter into a contract, it is required of both sides that they act in good faith in carrying out the contract. Defendant alleges that during the two weeks this machine did not meet the requirements of his business, in fact, the machine was not able to perform the work in the business part of that time. Plaintiff alleges that was not the fault of the machine or not his fault in any manner, but the trouble or difficulty arose over the manner in which the machine had been used or operated. And in his testimony upon the stand, he said that upon inspection of the machine, he found that there were two causes, that the machine had not operated as it ought to operate. The evidence shows that the machine after it had been received, did perform its

work for two or three days at least, and when the plaintiff was informed that the machine was not working properly, he went on the premises, examined the machine and found that the difficulty arose from two causes. One was that the machine had not been properly cleaned, allowing concrete to harden, so that the machine could not operate without breaking; and the other, that the gas engine, so far as its electrical apparatus was concerned, had not been properly taken care of by the person that was using the machine. Now if those are the reasons that the machine did not operate, it was the fault then of the defendant in not having a competent person to operate the machine, or not take care of it; and that does not meet the terms of this contract. The contract was that the machine should be adapted for the uses and purposes of the business. If the machine was not satisfactory and adapted to the business, it was the duty of the defendant at the end of the two weeks, to notify the plaintiff at once, and ask him what railroad station or point the machine should be delivered; and it was his duty to do that under the contract unless there was a waiver of the time on the part of the plaintiff. [2]

Verdict and judgment for plaintiff for $360.22. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant, and (2) portion of charge as above, quoting it.

*W. T. Treadway*, for appellant, cited: Singerly v. Thayer, 108 Pa. 291; Howard v. Smedley, 140 Pa. 81; Adams Radiator & Boiler Works v. Schnader, 155 Pa. 394; Waymart Water Co. v. Waymart Borough, 4 Pa. Superior Ct. 211; Seeley v. Welles, 120 Pa. 69; Krum v. Mersher, 116 Pa. 17.

*William A. Jordan*, for appellee.

OPINION BY HEAD, J., October 13, 1913:

Unless the defendants were entitled to a directed verdict in their favor the first and third assignments of error cannot be sustained. Under the evidence no such direction could have properly been given on the ground that no recovery could be had against Frank Fetzer, who, with his brother, was alleged to have constituted the partnership trading under the name of Fetzer Bros. Company. There was a general appearance for both. The only affidavit of defense was made by William H. Fetzer. A single plea of the general issue was entered for both. The testimony, including the correspondence that passed between the parties, tended to prove that the plaintiff was dealing with a partnership. Frank Fetzer neither filed an affidavit in his own behalf nor was he called as a witness. His brother testified: "We did business as Fetzer Brothers Company. He is now associated with me in business. At that time he was employed, but we contemplated becoming partners and adopted that firm name." Whilst the witness testified that at the time this particular contract was made his brother was not then a member of the firm, he further said: "He had authority though to sign any contract." He was then asked, "You were contemplating the formation of a partnership, and in contemplation of that you were doing business as Fetzer Brothers Company? A. Fetzer Brothers Company, so stated on our reports to the Mercantile Companies and Banks." There was ample warrant under this state of facts for the jury to find that Frank Fetzer was being held out to the world as a member of the firm, and there is no denial by him that this was with his knowledge and assent. It was not possible therefore for the trial court to declare as matter of law, that the plaintiff could not recover against the partnership, and no directed verdict on this ground could be justified.

It is admitted in the affidavit of defense that a concrete mixer was purchased from the plaintiff upon the following condition: "He (affiant) was to have the use of said mixer for a period of two weeks at a cost of $2.00 per day, and

if during this time the mixer was not adapted to his requirements, he was to haul the same to a railroad station designated by plaintiff at affiant's expense." The condition thus stated did not give to the defendants as wide a field for the rejection of the mixer as was given in Singerly v. Thayer, 108 Pa. 291, and kindred cases upon which the appellants rely. If in fact the machine was, when properly operated, adapted to meet the requirements of the defendants' business, the contract of purchase was complete. If its failure to meet such requirements resulted, as the plaintiff contends, solely from its improper operation, the defendants had no right to reject it. It is clear as a fact they gave no notice of rejection within the time specified. Their answer to this is that the plaintiff waived the question of time and practically extended their optional term while he endeavored to make the machine do the work it was intended to do. The plaintiff in turn replies that all the machine needed was operation by some one reasonably skilled in such work, and that the only thing he was required to do was to remove and repair what necessarily resulted from improper operation. These respective contentions resting on the testimony of witnesses raised the real issue between the parties, and it thus manifestly became one of fact to be resolved by the jury under proper instructions from the court. The first and third assignments are dismissed.

The second and only remaining assignment complains of the charge of the court. It is not apparent that this complaint rests on any other ground than that the court submitted a question of fact to the jury. The manner of the submission we do not understand to be challenged. The learned judge said: "The evidence shows that the machine, after it had been received, did perform its work for two or three days at least, and when the plaintiff was informed that the machine was not working properly, he went on the premises, examined the machine and found that the difficulty arose from two causes. One was that the machine had not been properly cleaned, allowing

concrete to harden, so that the machine could not operate without breaking; and the other that the gas engine, so far as its electrical apparatus was concerned, had not been properly taken care of by the person that was using it. Now if those are the reasons that the machine did not operate, it was the fault of the defendant in not having a competent person to operate the machine or not taking care of it; and that does not meet the terms of this contract. The contract was that the machine should be adapted for the uses and purposes of the business, &c." This we regard as a fair and impartial submission of the question of fact which we have already seen became controlling in the disposition of the case. Having already shown that the learned trial court could not have properly refused to submit this question to the jury, we are unable to discover any reversible error in the manner in which it was submitted. The second assignment is overruled.

Judgment affirmed.